**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

TONY BARNES,
      Plaintiff,

vs.                                      Civil Action No.  AW-09-2507

MONTGOMERY COUNTY,
MARYLAND, *et al.*,
      Defendants.

******

## MEMORANDUM OPINION

Pending before the Court is Defendants, Officer Sandra Moss and Montgomery County, Maryland's, Motion for Partial Dismissal (Doc. No. 5) in this action arising from alleged police misconduct. The Court has reviewed the motion and all supporting documents and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons articulated below, the Defendants' Motion for Partial Dismissal is **GRANTED**.

## FACTUAL BACKGROUND

The facts are taken in the light most favorable to the Plaintiff. Plaintiff, Tony Barnes ("Barnes" or "Plaintiff") alleges that he was outside of a friend's apartment on June 17, 2008, when Officer Ringo Lagos ("Officer Lagos") was dispatched in response to a report that a fight was in progress. Upon Officer Lagos' arrival, no one in Plaintiff's group was fighting; however, Officer Lagos ordered Plaintiff and others to sit on the sidewalk.[1] Meanwhile, a crowd gathered and additional officers arrived at the scene, including Officer Sandra Moss ("Officer Moss") and Brandon Wyzga ("Officer Wyzga"). At some point the crowd "became antagonistic towards the officers." (Doc. No. 5, 2.)

---

[1] Although not clear from the record, it appears that Officer Lago was responding to call that Plaintiff and another individual were involved in an altercation.

Officer Lagos searched Plaintiff's car after alleging that he smelled marijuana and observed open containers of alcohol near the vehicle, despite Plaintiff's protestation that the containers were not his. Officer Lagos did not find marijuana in the car. At that point, Plaintiff claims that Officer Lagos "lifted [him] up from the ground and handcuffed one of his wrists." (Compl. ¶ 20.) As Plaintiff had one wrist in handcuffs, he alleges that Officer Sandra Moss tasered him once. Officer Lagos then allegedly dropped Plaintiff to the ground, handcuffed his other wrist and Officer Moss then proceeded to taser Plaintiff an additional three to four times. Plaintiff was arrested for disorderly conduct, resisting arrest, and second degree assault. Plaintiff was then detained in jail for two days and received hospital treatment for injuries sustained from being tasered. Moreover, Plaintiff claims that he was fired from his job after his arrest.

Prior to the trial on Plaintiff's charges, the state dismissed the second degree assault charge, and at the trail, the state court granted Plaintiff's motion for judgment of acquittal on both the disorderly conduct[2] and resisting arrest[3] charges. Plaintiff brings this action against Montgomery County, Maryland, ("County") and Officers Moss, Lagos, and Wyzga[4] alleging a § 1983 claim for violations of his civil rights as protected under the Fourth and Fourteenth Amendment, as well as, state tort claims of assault, battery, false arrest, false imprisonment, and malicious prosecution.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading

---

[2] Plaintiff asserts that the court granted his motion on the disorderly conduct charge because the officers failed to identify why the crowd gathered or to determine the cause of the alleged altercation between Plaintiff and another individual.

[3] Plaintiff contends that the court determined that the resisting arrest charge could not stand because there was insufficient basis for arresting Plaintiff.

[4] Plaintiff consented to granting Defendant's Wyzga's Motion to Quash Service of Summons and Complaint.

standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## ANALYSIS

Defendants' Motion for Partial Dismissal asserts that Plaintiff's state tort claims against the County should be dismissed due to governmental immunity, the assault claim against Officer Moss is barred by the one-year statute of limitations, and that dismissal is warranted for the § 1983 claims against the County because it improperly attempts to assert *respondeat superior* liability and fails to adequately plead a *Monell*-type claim. As an initial matter, Plaintiff has conceded to dismissal of the state tort claims against the County, as well as to any § 1983 claim based on *respondeat superior* liability against the County. Moreover, Plaintiff concedes that the assault claim against Officer Moss should be dismissed for failing to file the action during the

3

one-year statute of limitations. Accordingly, Defendants' motion to dismiss on these claims is granted. The Court will address the County's argument that Plaintiff's § 1983 claim against it should be dismissed for failure to state a sufficient grounds for County liability under the *Monell* doctrine. Plaintiff asks this Court to grant it leave to amend the complaint in the event that it grants Defendants' motion on this issue.

**I.     Municipal Liability for § 1983 Claim under the *Monell* doctrine**

In pertinent part, 42 U.S.C. § 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . for redress." In order "to state a claim under 42 U.S.C. § 1983, plaintiffs must allege: (1) a deprivation of a constitutional right or some right secured by the laws of the United States, and (2) that the deprivation was caused by a state actor." *Flanagan v. Anne Arundel County*, 593 F. Supp. 2d 803, 809 (D. Md. 2009). Municipalities can be sued under a § 1983 claim, but under the principles established in *Monell v. Dep't Soc. Serv.*, 436 U.S. 658, 690 (1978), "[l]iablity arises only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Accordingly, "section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Flanagan*, 593 F. Supp. 2d at 809. A plaintiff may demonstrate a policy or custom by showing either: "(1) . . . an express policy, such as a written ordinance or regulation; (2) . . . the decisions of a person with final policymaking authority; (3) . . . an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) . . . a

4

practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Clark v. Balt. County*, No. BPG-08-2528, 2009 WL 2913453, *3 (D. Md. Sept. 1, 2009) (citing *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)).

The Plaintiff's Complaint alleges that "the acts described herein were the result of policies or customs of the County, including, but not limited to, the County's policy or custom of discriminating against African-Americans and/or the County's deliberate indifference to the proper training of its officers. (Compl. ¶¶ 40, 48.) Defendant Montgomery County argues that this statement does not identify a specific policy of the County, but instead, is a general and broad assertion of policy or custom without any factual support "outside of [Plaintiff's] own arrest and injury." (Doc. No. 5, 7.) Plaintiff counters that as articulated in *Leatherman v. Tarrant County Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993), heightened pleading standards do not apply to § 1983 claims, and that as explained in *Jordan by Jordan v. Jackson*, 15 F.3d 333, 337 (4th Cir. 1994), a plaintiff need not "allege more than one incident of misconduct in order to withstand a motion to dismiss under Rule 12(b)(6)." The Court agrees with Plaintiff that under Fourth Circuit precedent articulated in *Jackson*, plaintiffs are not required to plead multiple incidents of governmental employee misconduct and "are entitled to proceed at least to the summary judgment stage"; however, the court cautioned that ultimately "neither a policy or custom or deficient training nor the required casual connection can be shown by proof of a single incident of unconstitutional activity alone." *See Jackson*, 15 F.3d at 341.

Nonetheless, as Defendant correctly asserts, under the standard articulated in *Twombly*, a plaintiff must allege "a plausible policy or custom of the County defendants that caused the constitutional violation" with supporting factual allegations. *Flanagan*, 593 F. Supp. 2d at 810. As established in *City of Canton v. Harris,* 489 U.S. 378, 388 (1989), "[t]he inadequacy of police

5

training may serve as the basis for § 1983 liability only whe[n] the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." This Court has held that a complaint alleging a failure to train police officers is inadequate where it is devoid of any facts "showing (1) the nature of the training of . . . officers by the County, (2) that any failure to train was a 'deliberate or conscious' choice by the County, or (3) that [the officers'] conduct was caused by a failure to train." *Drewry v. Stevenson*, No. WDQ-09-2340, 2010 WL 93268, *4 (D. Md. 2010 Jan. 6, 2010) (dismissing failure to train claim against municipality for failing to allege facts connecting the individual officers' conduct in a single incident to any specific training policy).

Here, although the Plaintiff's allegation of a custom or policy refers to "the acts described herein," namely his allegation that the officers arrested and prosecuted Plaintiff without probable cause and engaged in excessive force by tasering him three to four times while handcuffed and without posing a threat to others, he fails to specify what the deficient training policy or custom is or to provide facts that demonstrate the County made a "deliberate or conscious" choice to inadequately train its officers. (Compl. ¶¶ 37, 43.) Moreover, Plaintiff fails to provide any facts that show that similarly situated persons, who are not in a protected class, were treated differently to support his allegation that the County has a policy or custom of discriminating against African-Americans. The Court simply finds Plaintiff's allegation that the County has a policy of intentional race discrimination and inadequate training of officers as too broad or general to demonstrate a plausible claim against the County. Therefore, the Court will grant Defendants' Motion for Partial Dismissal, with leave to amend the complaint, within ten (10) days of this Order, to set-forth a sufficient factual basis to adequately plead cognizable claims against the County.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion for Partial Dismissal (Doc. No. 5) is **GRANTED**, with leave to amend. A separate Order will follow.

   April 15, 2010                                                               /s/
         Date                                                        Alexander Williams, Jr.
                                                                United States District Court Judge