IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY BARNES | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. AW-09-CV-2507 |
| | * | |
| MONTGOMERY COUNTY, | * | |
| MARYLAND, *et al.* | * | |
| | * | |
| Defendants | * | |

## DEFENDANTS' REQUESTED SPECIAL JURY INSTRUCTIONS

Defendants, by their undersigned counsel, request that the attached special jury

instructions be given. These special jury instructions have been presented to Plaintiff's counsel,

but there has been no agreement that they be submitted jointly.

| | |
|---|---|
| Defendants' Special No. 1 | Police/Citizen Encounters |
| Defendants' Special No. 2 | Police Request for Identification |
| Defendants' Special No. 3 | In Arrest or Detention, a Suspect Must Follow the Instructions Given by the Officers |
| Defendants' Special No. 4 | Privilege – Common Law |
| Defendants' Special No. 5 | Resistance to Arrest |
| Defendants' Special No. 6 | Probable Cause for Arrest |
| Defendants' Special No. 7 | Acquittal Not Proof of Lack of Probable Cause |
| Defendants' Special No. 8 | 42 U.S.C. § 1983-Fourth Amendment; Maryland Constitution, Article 26–Excessive Use of Force |
| Defendants' Special No. 9 | Maryland Declaration of Rights – Article 26 of Md. Declaration of Rights |
| Defendants' Special No. 10 | Use of Force - Taser |
| Defendants' Special No. 11 | Intentional Torts – Police Officer |
| Defendants' Special No. 12 | Causation and Damages |
| Defendants' Special No. 13 | One Recovery |
| Defendants' Special No. 14 | Charge of Second Degree Assault |
| Defendants' Special No. 15 | Disorderly Conduct |
| Defendants' Special No. 16 | Arrest Without a Warrant |

Respectfully submitted,

MARC P. HANSEN
COUNTY ATTORNEY

_____/s/_____
Patricia P. Via
(signed by Christine M. Collins. with the
permission of Patricia P. Via)
Chief, Division of Litigation - Self-Insurance
Federal Bar No. 04829
Patricia.Via@montgomerycountymd.gov




_____/s/_____
Christine M. Collins
Associate County Attorney
Bar No. 14345
Christine.Collins@montgomerycountymd.gov


Attorneys for Defendants
101 Monroe Street, Third Floor
Rockville, Maryland 20850
Ph: (240) 777-6700  Fax: (240) 777-6706

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                              *
                                         *
            Plaintiff                    *
                                         *
v.                                       *        Civil No. AW-09-CV-2507
                                         *
MONTGOMERY COUNTY,                       *
MARYLAND, *et al.*                       *
                                         *
            Defendants                   *

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 1
### (Police/Citizen Encounters)

Brief consensual encounters between police and citizens, including requests for

identification, require no objective justification.

Authority:

*U.S. v. Weaver*, 282 F.3d 302, 309 (4th Cir. 2002)


Given:          _____
Refused:        _____
Modified:       _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
            Plaintiff                *
                                     *
v.                                   *        Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
            Defendants               *

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 2**
### **(Police Request for Identification)**


In the ordinary course, a police officer is free to ask a person for identification without

implicating the Fourth Amendment.  Interrogation relating to ones identity or a request for

identification by the police does not, by itself, constitute a Fourth Amendment seizure.


Authority:

*Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County, et al.,* 542 U.S. 177, 185,
124 S. Ct. 2451, 159 L. Ed. 2d 292 (2004)

*INS v. Delgado,* 466 U.S. 210, 216, 104 S. Ct. 1758, 80 L. Ed. 2d 247 (1984)


Given:        _____
Refused:      _____
Modified:     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
         Plaintiff                   *
                                     *
v.                                   *        Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
         Defendants                  *

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 3**
**(In Arrest or Detention, a Suspect Must Follow the Instructions Given by the Officers)**

Often times when an officer effectuates an arrest or detention of a suspect, he or she will direct several orders to that individual.  These orders are given to prevent someone from inciting or offending others, and to help protect the public peace.  When a citizen disobeys a reasonable and lawful request by a police offer, the citizen has engaged in disorderly conduct.

Authority:

*Okwa v. Harper*, 360 Md. 161, 757 A.2d 118, 130 (Md. 2000)

*Briggs v. State of Maryland*, 90 Md. App. 60, 599 A.2d 1221, 1225 (Md. App. 1992)

Given:      _____
Refused:    _____
Modified:   _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
            Plaintiff                *
                                     *
v.                                   *        Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
            Defendants               *

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 4
### (Privilege – Common Law)

A police officer making a valid arrest is legally "privileged" to commit a battery provided that the force threatened and used is "reasonable."

Authority:

*See Restatement (Second) of Torts*, § 132

Given:        _____
Refused:      _____
Modified:     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
          Plaintiff                  *
                                     *
v.                                   *        Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
          Defendants                 *

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 5**
**(Resistance to Arrest)**

A police officer need not retreat when confronted with resistance to an otherwise legal arrest or detention. An officer is entitled to use that amount of force reasonably necessary to effect the arrest or detention and overcome the resistance.

Authority:

*Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985)

*Miller v. Village of Boston Heights*, 65 F. Supp. 2d 674 (1999)

Given: _____
Refused: _____
Modified: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                *

                          *

           Plaintiff              *

                          *

v.                             *        Civil No. AW-09-CV-2507

                          *

MONTGOMERY COUNTY,       *

MARYLAND, *et al.*            *

                          *

          Defendants         *

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6
### (Probable Cause for Arrest)

Probable cause for arrest exists where there are facts and circumstances sufficient to warrant a prudent person to believe that the suspect had committed or was in the process of committing an offense.

Authority:

*DiPino v. Davis*, 354 Md. 18, 32, 729 A.2d 354, 373 (1999).

*Okwa v. Harper,* 360 Md. 161, 184, 757 A.2d 118, 130 (2000).

Given:       _____
Refused:    _____
Modified:    _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
          Plaintiff                  *
                                     *
v.                                   *          Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
          Defendants                 *

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 7</u>**
**(Acquittal Not Proof of Lack of Probable Cause)**

The mere fact that a defendant is acquitted at trial is not evidence of lack of probable

cause because the acquittal may be based on a mere lack of proof beyond a reasonable doubt,

which is a higher standard that the requirement for probable cause.

Authority:

*Norvell v. Safeway Stores, Inc.*, 212 Md. 14, 20, 128 A.2d 591, 594 (1957)

Given:        _____
Refused:      _____
Modified:     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY BARNES | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. AW-09-CV-2507 |
| | * | |
| MONTGOMERY COUNTY, | * | |
| MARYLAND, *et al.* | * | |
| | * | |
| Defendants | * | |

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 8**
**(42 U.S.C. § 1983-Fourth Amendment; Maryland Constitution,**
**Article 26– Excessive Use of Force)**

Mr. Barnes claims that his federal and state constitutional rights to be free from excessive use of force were violated by Officer Moss.  The applicable standard is the same.

All physical contact between a police officer and a person does not amount to a constitutional violation for excessive use of force under the federal or state constitutions.  In determining whether excessive force was used, you should consider all of the surrounding facts, including the reason the officers were dispatched to the scene, their observations at the scene, their conduct after they arrived, the conduct of the Plaintiff, Tony Barnes, whether Plaintiff posed an immediate threat to the safety of the police officers, whether Plaintiff was cooperating with the officers, why the officers detained him and whether he was resisting detention.

An officer has the right to use such force as is necessary under the circumstances to make an arrest.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  Not every push, shove, or tase, even if it may later seem unnecessary in the peace of the courtroom, violates the state and federal constitutions.  The test of reasonableness must embody allowance for the fact

that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain and rapidly evolving — about the amount of force that is necessary in a particular situation.

The Fourth Amendment and Article 26 of the Maryland Constitution allow for some mistakes by officers, providing that their missteps are objectively reasonable. To determine whether a mistake is objectively reasonable, you should filter the objective facts through the lens of the officer's perceptions at the time of the incident in question, focusing on what the police officer reasonably perceived. A police officer's mistaken understanding of the facts that is reasonable can make the officer's conduct reasonable under the Fourth Amendment.

The test of reasonableness is an objective one. The question is whether Officer Moss was objectively reasonable in light of the facts and circumstances confronting the officers at the time, without regard to their underlying intent or motivation. You do not need to determine whether the officers had a less intrusive alternative available, for the defendant need only to have acted within that range of conduct identified as reasonable.

Authority:

*Graham v. Connor*, 490 U.S. 386 (1989)

*Gooden v Howard County,* 954 F. 2d 960 (4th Cir. 1992)

Modern Federal Jury Instructions (MFJI) 87-74C (modified)

Given:        _____
Refused:      _____
Modified:     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                              *
                                         *
          Plaintiff                      *
                                         *
v.                                       *        Civil No. AW-09-CV-2507
                                         *
MONTGOMERY COUNTY,                       *
MARYLAND, *et al.*                       *
                                         *
Defendants                               *

## DEFENDANTS' PROPOSED NON-PATTERNED JURY INSTRUCTION NO. 9
### (Maryland Declaration of Rights – Article 26)

Plaintiff has also brought a cause of action against Defendants for a violation of their rights under the Maryland Constitution. Specifically, Plaintiff alleges that his constitutional rights under Article 26 of the Maryland Declaration of Rights, which includes freedom from unreasonable search and seizure, has been violated.

Article 26 provides:

That all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted.

This claim is similar to Plaintiff claim alleging violation of his rights pursuant to the Fourth Amendment of the United States Constitution and the same standard applies.

Authority:

*Chase v. State*, 309 Md. 224, 253, 522 A.2d 1348, 1362 (1986)

*Williams v. Prince George's County, Maryland* 112 Md. App. 526, 547-548, 685 A.2d 884, 895-896 (1996)

*Henderson v. State*, 89 Md. App. 19, 24, 597 A.2d 486, 488 (1991), *cert. denied* 325 Md. 396, 601 A.2d 129 (1992)

Given:        _____
Refused:      _____
Modified:     _____

`

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
          Plaintiff                  *
                                     *
v.                                   *          Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
          Defendants                 *

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 10
### (Use of Force - Taser)

When a police officer arrests or detains a suspect, it may be necessary for the officer to take defensive actions to protect himself, his fellow officers, and the public.  In the instant case, Officer Moss used her Taser to control the Plaintiff while other officers attempted to place Plaintiff under arrest.  The use of a Taser gun by a police officer does not constitute excessive force if the use of Taser is proportionate to the need for force in the situation presented.  In some circumstances, the use of the Taser may well prevent a physical struggle and serious harm to either the officer or the suspect.

In certain situations, it is objectively reasonable for an officer to use an instrument, such as a Taser, to subdue the suspect.  If you find that Defendant Moss was objectively reasonable in using her Taser under the standard I gave you for the use of force to subdue the Plaintiff during the course of the arrest, you are instructed to find that Defendant Moss was within constitutional limits in doing so, and you must find in favor of the Defendant Moss on the excessive force claim.

Authority:

*Draper v. Reynolds*, 369 F.3d 1270, 1278 (11th Cir. 2004)

*Roy v. City of Lewiston*, 42 F.3d 691 (1st Cir. 1994)

*Graham v. Connor*, 490 U.S. 386 (1989)

Given:          _____
Refused:        _____
Modified:       _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONY BARNES | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. AW-09-CV-2507 |
| | * | |
| MONTGOMERY COUNTY, | * | |
| MARYLAND, *et al.* | * | |
| | * | |
| Defendants | * | |

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 11</u>**
**(Intentional Torts – Police Officer)**

There is no battery, false arrest or false imprisonment where an arresting officer's actions

are legally justified.

Authority:

*See Williams v. Prince George' County*, 112 Md. App. 526, 554, 685 A.2d 884 (1996)

Given:    _____
Refused:    _____
Modified:    _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
            Plaintiff                *
                                     *
v.                                   *        Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
            Defendants               *

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 12**
**(Causation and Damages)**

I have said that you may award damages only for those injuries which you find the

Plaintiff has proven by a preponderance of evidence to have been the direct result of the

Defendants' conduct.  You must distinguish between, on the one hand, the existence of a

violation of the Plaintiff's rights and, on the other hand, the existence of injuries naturally

resulting from that violation.  Thus, even if you find that the Defendants violated the Plaintiff's

rights, you must ask whether the Plaintiff has proven by a preponderance of evidence that the

deprivation caused the damages that he claims to have suffered.

Authority:

Sand Instruction 87-89 (modified)

*Carey v. Piphus*, 435 U.S. 247 (1978)

Given:        _____
Refused:      _____
Modified:     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                              *
                                         *
          Plaintiff                      *
                                         *
v.                                       *        Civil No. AW-09-CV-2507
                                         *
MONTGOMERY COUNTY,                       *
MARYLAND, *et al.*                       *
                                         *
Defendants                               *


## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 13
### (One Recovery)


      I have said that, if you return a verdict for the Plaintiff, you may award him such money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the Defendants. In this case, the Plaintiff claims that the Defendants violated his rights under the federal constitution, the state constitution and state tort law.  If you find that the Defendants did, in fact, violate Plaintiff's rights under federal and/or state law, you must remember in calculating damages that the Plaintiff is entitled to be compensated only for the injuries he actually suffered.

      Thus, if the Defendants violated more than one of Plaintiff's rights, but the resulting injury was no greater than it would have been had the Defendants violated only one of those rights, you should award an amount of compensable damages no greater than you would award if the Defendants had violated only one of the Plaintiff's rights.  If, on the other hand, the Defendants violated more than one of Plaintiff's rights and you can identify separate injuries

resulting from the separate violations, you should award an amount of compensatory damages

equal to the total of the damages you believe would fairly and justly compensate the Plaintiff for

the separate injuries he has suffered.


Authority:

*Shapiro v. Chapman*, 70 Md. App. 307, 520 A.2d 1330, 1336 (1987)


Given:        _____
Refused:      _____
Modified:     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                              *
                                         *
         Plaintiff                       *
                                         *
v.                                       *        Civil No. AW-09-CV-2507
                                         *
MONTGOMERY COUNTY,                       *
MARYLAND, *et al.*                       *
                                         *
Defendants                               *

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 14
### (Charge of Second Degree Assault)

The criminal charge of second degree assault is defined by law as the intentional

frightening of another with the threat of immediate physical contact or harm.

Authority:

Maryland Criminal Pattern Jury Instructions – MPJI-CR 4:01

Given:         _____
Refused:       _____
Modified:      _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY BARNES                          *
                                     *
           Plaintiff                 *
                                     *
v.                                   *        Civil No. AW-09-CV-2507
                                     *
MONTGOMERY COUNTY,                   *
MARYLAND, *et al.*                   *
                                     *
Defendants                           *

## DEFENDANTS' PROPOSED NON-PATTERNED JURY INSTRUCTION NO. 15
### (Disorderly Conduct)

Disorderly conduct is "the doing or saying, or both, of that which offends, disturbs, incites, or tends to incite, a number of people gathered in the same area." When a police officer makes a reasonable and lawful request of a citizen, which is intended to prevent the citizen from offending, disturbing or inciting others, if the citizen disobeys he has engaged in disorderly conduct.

Disorderly conduct has occurred when, in response to being told he is under arrest, a suspect physically resists the efforts of the police officers to place him in custody, threatening the officers, and inciting the crowd sufficiently through words or actions to the extent that the officers fear the crowd made become involved in a manner that will hinder the arrest and/or cause harm to the officers, suspect, or bystanders.

Authority:

*Okwa v. Harper,* 360 Md. 161, 184-86, 757 A.2d 118, 130-32 (2000).

Given:          _____
Refused:        _____
Modified:       _____

IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

TONY BARNES                           *
                                      *
            Plaintiff                 *
                                      *
v.                                    *        Civil No. AW-09-CV-2507
                                      *
MONTGOMERY COUNTY,                    *
MARYLAND, *et al.*                    *
                                      *
Defendants                           *

## DEFENDANTS' PROPOSED NON-PATTERNED JURY INSTRUCTION NO. 16
### (Arrest Without a Warrant)


"A police officer may arrest without a warrant a person who commits or attempts to commit a felony or misdemeanor in the presence or within the view of the police officer."

Md. Code Ann., Crim. Proc. § 2-202(a); *Crimes committed in presence of police officer.*

"A police officer who has probable cause to believe that a felony or misdemeanor is being committed in the presence or within the view of the police officer may arrest without a warrant any person whom the police officer reasonably believes to have committed the crime."

Md. Code Ann., Crim. Proc. § 2-202(b); *Probable cause to believe crime committed in presence of officer.*

"A police officer without a warrant may arrest a person if the police officer has probable cause to believe that a felony has been committed or attempted and the person has committed or attempted to commit the felony whether or not in the presence or within the view of the police officer."

Md. Code Ann., Crim. Proc. § 2-202(c); *Probable cause to believe felony committed.*

Authority:

*Okwa v. Harper,* 360 Md. 161, 190-91, 757 A.2d 118, 134 (2000) *citing* Md. Code Ann., Crim. Proc. § 2-202(a) et al.

Md. Code Ann., Crim. Proc. § 2-202(a), (b), (c).


Given:          _____
Refused:        _____
Modified:       _____