IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| TONY BARNES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONTGOMERY COUNTY, MD, et. al. )<br>)<br>Defendants. )<br>_____) | Case No. 09-cv-2507AW |

PLAINTIFF'S PROPOSED SUPPLEMENTAL NON-PATTERN JURY INSTRUCTIONS

By and through undersigned counsel, Plaintiff submits the following proposed supplemental non-pattern jury instructions:

1. With regard to a warrantless arrest for a misdemeanor, such an arrest is legally justified only to the extent that a misdemeanor was actually committed in a police officer's view or presence. *Ashton v. Brown*, 339 Md. 70, 121, 660 A.2d 447 (1995).

2. The crimes of second degree assault and disorderly conduct are misdemeanors.

3. Second degree assault under Maryland law is defined as an intentional, harmful physical contact with the victim that is not legally justified. *Foy v. Giant Food, Inc.*, 298 F.3d 284, 290 (2002).

4. If an individual is defending himself from the assault of another, he is legally justified in responding with equal force. *Bryant v. State,* 83 Md. App. 237, 246, 574 A.2d 29 (1990).

5. If an individual engages in the physical touching of another coming to the defense of A third party, he has not has not committed an assault. *Lee v. State*, 193 Md. App. 45, 59, 996 A.2d 425 (2010).

6. The common law crime of resisting arrest is defined as refusal to submit to a lawful arrest. *Monk v. State*, 94 Md. App. 738, 742, 619 A.2d 166 (1993) (emphasis added) (*quoting State v. Huebner*, 305 Md. 601, 608, 505 A.2d 1331 (1986)). Therefore, when confronted with an unlawful, warrantless arrest, one may lawfully resist by resorting to reasonable force. *Wiegmann v. State*, 118 Md. App. 317, 330, 702 A.2d 928 (1997), *aff'd*, 350 Md. 585, 714 A.2d 841 (1998) (citation omitted).

7. If an officer utilizes force in effecting an illegal arrest, the officer commits the tort of battery. *Park v. Shiflett*, 250 F.3d 843, 852 (4th Cir. 2001) (holding that officers committed battery by throwing plaintiff up against a wall, kicking his legs apart, and handcuffing him during illegal arrest); *Ashton v. Brown*, 339 Md. 70, 119, fn.24, 660 A.2d 447 (1995) ("If the plaintiffs' arrests constituted a false imprisonment, then the physical force used in effectuating the arrests would give rise to a cause of action for assault and battery.").

8. If a party is engaged in mutual combat, he or she has not committed the criminal offense of assault. *Sims v. State*, 319 Md. 540, 553, 573 A.2d 1317 (1990) Mutual combat occurs when persons enter into angry and unlawful combat with a mutual intent to fight. *Id*.

9. The crime of disorderly conduct occurs when a person acts in a disorderly manner to the disturbance of the public peace.

10. For the crime of disorderly conduct to be committed, the peace of a third person must actually be disturbed. *Diehl v. State*, 294 Md. 466, 451 A.2d 115 (Md., 1982) (" Diehl's speech does not meet the elements of the first possible proscription. Diehl did not willfully disturb anyone. Diehl was speaking to Gavin. His actions were motivated solely as a response to Gavin's order. The evidence simply does not indicate that Diehl intended to disrupt the quiescence of the neighborhood. People might have begun to stop, look and listen, forming a crowd; however, there also is no evidence showing that any of the observers was disturbed--they probably were mere curiosity seekers. Based on the evidence we cannot conclude that Diehl willfully caused a disturbance.")

Respectfully submitted,
       /s/

_____
Michael P. Coyle, Esq. (Bar No 16202)
CHAIFETZ & COYLE
7164 Columbia Gateway Drive, Suite 205
Columbia, MD 21046
443-546-4608 (Tel.)
443-546-4621 (Fax)

Attorneys for Plaintiff

DATED:      July 5, 2012

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July 2012, a copy of the foregoing document was served by First Class Mail to:

        Christine Collins
        Patricia Via
        Associate County Attorney
        101 Monroe Street
        Rockville, MD 20850

                                    /s/
                            _____
                            Michael P. Coyle