**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

TONY BARNES,

    Plaintiff,

       v.

                                Civil Action No. AW-09-cv-2507

MONTGOMERY COUNTY,
MARYLAND, *et al.*,

    Defendants.

## JURY INSTRUCTIONS

**Instruction Number 1**

**General Instruction: Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Instruction Number 2**

**General Instruction: Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.


**Instruction Number 3**

**<u>General Instruction</u>: Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said -- or what I may say in these instructions -- about a fact

issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

**Instruction Number 4**

**<u>General Instruction</u>: Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

**Instruction Number 5**

**<u>General Instruction</u>: Jury to Disregard Court's View**

  I have not expressed nor have I intended to intimidate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

  From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind completely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of hearing or sight.

**Instruction Number 6**

**<u>General Instruction</u>: Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Instruction Number 7**

**<u>General Instruction</u>: Race, Religion, National Origin, Sex or Age**

Your verdict must be based solely upon the evidence developed at this trial or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Instruction Number 8**

**<u>General Instruction</u>: Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Instruction Number 9**

**<u>Instruction on Burden of Proof</u>: General**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of their complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which they have the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

**Instruction Number 10**

**<u>Instruction on Burden of Proof</u>: Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing

the burden of proof has failed to establish his claim by a preponderance of the evidence, you must

decide against him on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the

evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence

means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not

to the number of witnesses or documents.  In determining whether a claim has been proved by a

preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of

who may have called them, and all the relevant exhibits received in evidence, regardless of who may

have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties --

that it is equally probable that one side is right as it is that the other side is right -- then you must decide

that issue against the party having this burden of proof.  That is because the party bearing this burden

must prove more than simple equality of evidence, he must prove the element at issue by a

preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no

more than by a preponderance of the evidence.  So long as you find that the scales tip, however slightly,

in favor of the party with this burden of proof -- that what the party claims is more likely true than not

true -- then that element will have to be proved by a preponderance of evidence.  Some of you may have

heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That

requirement does not apply to a civil case such as this and you should put it out of your mind.

**Instruction Number 11**

**General Instruction on Evidence**: **What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses; the exhibits received in evidence; stipulations; and judicially noticed facts.  By contrast, the question of a lawyer is not to be considered as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.  Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness's credibility -- you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations are intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls. Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection. Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Instruction Number 12**

<u>**General Instruction on Evidence**</u>: **Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses -- something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of

reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**Instruction Number 13**

<u>**General Instruction on Evidence**</u>**: Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Instruction Number 14**

<u>**General Instruction on Witnesses**</u>**: Witness Credibility**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making this

judgment, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if she or he was hiding something? How did the witness appear; what was his or her demeanor -- that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witnesses may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**Instruction Number 15**

**<u>General Instruction on Witnesses</u>: Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

**Instruction Number 16**

**<u>General Instruction on Witnesses</u>: Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

**Instruction Number 17**

**General Instruction on Witnesses**: Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood obviously always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**Instruction Number 18**

**General Instruction on Witnesses**: Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more

limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.


**Instruction Number 19**

<u>**Instructions on Federal Claim for Excessive Force**</u>: **Federal Claim Brought under 42 U.S.C. §1983**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Page 14

**Instruction Number 20**

**<u>Instructions on Federal Claim for Excessive Force</u>: Burden of Proof**

The plaintiff has the burden of proving each essential element of his section 1983 claim by a preponderance of the credible evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true. If you find that any of the essential elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

**Instruction Number 21**

**<u>Instructions on Federal Claim for Excessive Force</u>: Elements of a Section 1983 Claim**

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

**Instruction Number 22**

**<u>Instructions on Federal Claim for Excessive Force</u>: First Element of Section 1983 Claim**

Whether the defendant committed the acts alleged by the plaintiff is a question of fact for you,

the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming

that the defendant did commit those acts, I instruct you that, since the defendant was an officer of

Montgomery County, Maryland, at the time of the acts in question, she was clearly acting under color of

state law.  In other words, the first statutory requirement is satisfied.


**Instruction Number 23**

<u>**Instructions on Federal Claim for Excessive Force**</u>: **Second Element of Section 1983 Claim**

   The second element of the plaintiff's claim is that he was deprived of a federal right by the

defendant. In order for the plaintiff to establish the second element, he must show these things by a

preponderance of the evidence: first, that the defendant committed the acts alleged by plaintiff; second,

that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that in performing the

acts alleged, the defendant acted intentionally or recklessly. If you find that the acts of the defendant

officer were merely negligent, then, even if you find that the plaintiff was injured as a result of those

acts, you must return a verdict for the defendant.


**Instruction Number 24**

<u>**Instructions on Federal Claim for Excessive Force**</u>: **Third Element of Section 1983 Claim**

   The third element which the plaintiff must prove is that the defendant's acts were a proximate

cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient

causal connection between the act or omission of a defendant and any injury or damage sustained by the

plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or

actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the

defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complaints about an injury which would have occurred even in the absence of the defendant's conduct you must find that the defendant did not proximately cause a plaintiff's injury.

Proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if a plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

**Instruction Number 25**

**<u>Instructions on Federal Claim for Excessive Force</u>**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.

In the instant case, the plaintiff claims that he was subjected to excessive force by the defendant

when the defendant arrested the plaintiff. To determine whether the defendant's acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. However, you do not have to determine whether the defendant had less intrusive alternatives available, for the defendant need only to have acted within that range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will then have established the claim of loss of a federal right.

**Instruction Number 26**

**<u>Instructions on Federal Claims for Excessive Force</u>: State of Mind -- General**

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendant acted intentionally or recklessly. If you find that the acts of the defendant was merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant.

**Instruction Number 27**

**<u>Instructions on Federal Claims for Excessive Force</u>: State of Mind -- Intentional**

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reasons. In determining whether the

defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was done in their minds and your belief or disbelief with respect to those facts.


**Instruction Number 28**

<u>**Instruction on Federal Claims for Excessive Force**</u>:  **State of Mind -- Reckless**

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said what was in their minds and your beliefs or disbeliefs with respect to those facts.


**Instruction Number 29**

<u>**Instruction on Federal Claim for Excessive Force**</u>: **Qualified Immunity Defense**

Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Thus, in order to defeat the defendant's qualified immunity defense, the plaintiff must not only show that the defendant violated the plaintiff's Fourth Amendment rights, but also that the rights violated were clearly established at the time of the incident, based on whether a

reasonable officer would have believed the conduct to be lawful under similar circumstances.  If you find that the defendant is entitled to such immunity, you must find her not liable.

In order to establish qualified immunity for use of excessive force, the proper inquiry is whether a reasonable officer in the defendant's position would have believed that the amount of force used was lawful under the circumstances. Even if the belief was mistaken, as long as it was reasonable and not in violation of clearly established law, the officer is entitled to immunity.

Please note that the defendant's unawareness of the law is insufficient by itself to give her this qualified immunity.  In addition, she must also show that a reasonably competent officer in her position would not have known of this law either.

In deciding what a reasonably competent officer would have known about the legality of the defendant's conduct, you may consider the nature of her official duties, the character of her official position, the information that was or was not known to her, and the events that confronted her.

The defendant has the burden of proving that she neither knew nor should have known that her actions violated federal law.  If the defendant convinces you by a preponderance of the evidence that she neither knew nor should have known that her actions violated federal law, then you must return a verdict for the defendant, even though you may have otherwise found that the defendant in fact violated the plaintiff's rights under color of state law.


**Instruction Number 30**

**<u>Instructions on Battery Claim</u>: Legal Definition of Battery**

A battery is the intentional touching of a person without that person's consent. Touching includes the intentional putting into motion of anything that touches another person, or that touches something

that is connected with, or in contact with, another person. In order to be a battery, the touching must be harmful or offensive. A touching is harmful if it causes physical pain, injury or illness. A touching is offensive if it offends the other person's reasonable sense of personal dignity.


**Instruction Number 31**

**<u>Instructions on Battery Claim</u>: Affirmative Defenses**

A police officer is not responsible if she inflicts an injury on a person who is being arrested, unless the officer acted with malice toward that person. Malice exists when the officer intends to inflict an injury or acts from improper motivations or with ill will.


**Instruction Number 32**

**<u>Instructions on Excessive Force Claim under Article 26 of the Maryland Declaration of Rights</u>**

Article 26 of the Maryland Declaration of Rights protects the same rights as those protected under the Fourth Amendment.  Please refer to the earlier instructions regarding excessive force under section 1983.


**Instruction Number 33**

**<u>Instruction on Damages</u>: Consider Damages Only If Necessary**

If the plaintiff has proven by a preponderance of the credible evidence that the defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and

I am instructing you on damages only to the extent that you find that the plaintiff is entitled to recovery.

**Instruction Number 34**

**<u>Instruction on Damages</u>: Causation and Damages**

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, if you find that the defendant deprived the plaintiff of his rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendant that were legal and partly the result of conduct by him that was illegal, you must apportion the damages between the legal and illegal conduct -- that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

**Instruction Number 35**

**<u>Instruction on Damages</u>: Compensatory Damages**

I have said that, if you return a verdict for the plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the defendant.  Compensatory damages must be based on evidence, not speculation or sympathy.  In determining compensatory damages, you should consider any expenses,

mental pain and suffering, fright, nervousness, indignity, humiliation, embarrassment, and insult to which the plaintiff was subject to and which was a direct result of the defendant's conduct.

**Instruction Number 36**

<u>**Instruction on Damages**</u>: **Double Recovery and Compensatory Damages**

In this case, the plaintiff claims that the defendant violated his rights in a number of ways. If you find that the defendant did in fact violate more than one of the plaintiff's rights, you must remember, in calculating the damages that the plaintiff is entitled to be compensated only for injuries he actually suffered. Thus, if the defendant violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendant violated one of those rights, you should award an amount of compensatory damages no greater than you would award if the defendant had violated only one of the plaintiff's rights. If, on the other hand, the defendant violated more than one of the plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the plaintiff for the separate injuries he has suffered.

**Instruction Number 37**

<u>**Instruction on Damages**</u>: **Nominal Damages**

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff nominal damages. Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you

conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff. Either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.  Nominal damages may not be for more than a token sum.


**Instruction Number 38**

**Instruction on Damages: Damage Award Not Subject to Federal or State Income Tax**

Any compensatory damages awarded to the plaintiff are not income within the meaning of Federal and Maryland income tax laws and the plaintiff will not owe or have to pay any income tax on the amount awarded as damages. Therefore you should not add an amount to any award to compensate for anticipated taxes.


**Instruction Number 39**

**Right to See Exhibits, Communications with Court**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits.  Your requests for exhibits -- in fact any communication with the court -- should

be made to me in writing, signed by your foreperson, and given to one of the marshals. Juror Number

One is your foreperson.  In any event, do not tell me or anyone else how the jury stands on any issue

until after a unanimous verdict is reached.


**Instruction Number 40**

**Duty to Deliberate/Unanimous Verdict**

You will now return to decide the case. In order to prevail, the plaintiff must sustain his burden

of proof as I have explained to you with respect to each element of his claim. If you find that the

plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the

plaintiff failed to sustain the burden on any element of that claim, you should return a verdict against the

plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an

agreement. Each of you must decide the case for yourself, but you should do so only after a

consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when

convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your

honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a

verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions

dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and

adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on

your consideration of the evidence and your discussions with your fellow jurors. No juror should

surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Page 25