IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| TONY BARNES,<br><br>      Plaintiff,<br><br>      v.<br><br>MONTGOMERY COUNTY,<br>MARYLAND, *et al.*,<br><br>      Defendants. | Civil Action No. AW-9-cv-2507 |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Tony Barnes's Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. Doc. No. 104. Plaintiff's Motion is based on the premise that the Court erred in granting Defendants' Rule 50 Motion for Judgment as a Matter of Law. *See* Fed. R. Civ. P. 50. For the reasons stated on the record and elaborated below, the Court **DENIES** Plaintiff's Motion.

**I.     Facts and Procedural Posture**

The trial in this matter was held on July 10–12, 2012. Plaintiff's case-in-chief included testimony from witnesses Plaintiff categorizes as adverse witnesses (Officer Ringo Lagos, Officer Michael Fernandes, and former officer Adam Siegelbaum) and from witnesses he categorizes as non-adverse (Shawn Jackson, Troy Colbert, Dawn Benjamin, and Emil Rothmund). At the conclusion of Plaintiff's case-in-chief, Defendants—Montgomery County, MD and Officers Ringo Lagos, Sandra Moss, and Brandon Wyzga—moved for judgment as a matter of law. *See* Fed. R. Civ. P. 50. Specifically, Defendants moved on the claims based on whether there was probable cause to arrest Plaintiff for disorderly conduct and second-degree

1

assault. The Court ruled as a matter of law that Defendant Lagos had probable cause to arrest Plaintiff for disorderly conduct and second-degree assault.

## II.     Standard of Review for Rule 50(a) Motion

Judgment as a matter of law is proper when a court finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party [who has been fully heard] . . . ." Fed. R. Civ. P. 50(a). In ruling on a Rule 50 motion, a court should review all the evidence, draw all reasonable inferences in favor of the nonmoving party, and not make any credibility determinations or weigh the evidence. *See Singer v. Dungan*, 45 F.3d 823, 826 (4th Cir. 1995); *Poliner v. Tex. Health Systems*, 537 F.3d 368, 376 (5th Cir. 2008). Nevertheless, judgment as a matter of law is appropriate "[i]f the facts and inferences point so strongly and overwhelmingly in favor of the moving party that the reviewing court believes that reasonable jurors could not have arrived at a contradictory verdict." *Poliner*, 537 F.3d at 376 (quotations omitted).

## III.    Legal Analysis

Plaintiff argues that the Court erred when granting Defendants' Rule 50 Motion because: (1) the Court found that Plaintiff was bound by the testimonies of his adverse witnesses, Officer Lagos, Officer Fernandes, and former officer Siegelbaum, and granted Defendants' Motion based solely on these testimonies, and (2) the Court made credibility determinations and weighed the evidence. Plaintiff further asserts that, because he is entitled to a new trial on the claims based on the lack of probable cause, he is also entitled to a new trial on his claims for resisting arrest, excessive force, and battery.

Under Federal Rule of Evidence 607, a party is not bound by the statements of her own witness. *See* Fed. R. Evid. 607 ("Any party, including the party that called the witness, may attack the witness's credibility."). Thus, the dispositive question in a Rule 50 motion is not

whether a party is bound by particular witness testimonies, but whether there is "uncontradicted, credible, and unimpeached evidence supporting the defendants' theory of the case . . . ." *Inventive Music, Ltd. v. Cohen*, 617 F.2d 29, 33 (3rd Cir. 1980).

Plaintiff wrongly perceives that the Court bound Plaintiff by the testimonies of the aforementioned witnesses. Instead, in granting Defendants' Motion, the Court relied on the uncontradicted, credible, and unimpeached evidence presented during Plaintiff's case. Hence, the Court's ruling also does not reflect any credibility determinations or weighing of evidence.

### B. Probable Cause for Disorderly Conduct

Plaintiff argues that there was no probable cause to arrest him for disorderly conduct because Officer Lagos was unaware if the peace of those in the neighborhood was disturbed. Under Md. Code Ann., Crim. Law § 10-201, probable cause to arrest an individual for disorderly conduct exists when the individual willfully acts "in a disorderly manner that disturbs the public peace." *Id.* A willful action does not require an individual to act with the specific intent to disturb the public peace. *See Dziekonski v. State*, 127 Md. App. 191, 200–01 (Md. Ct. Spec. App. 1999) (holding that the requirement that one "must have acted for the purpose of disturbing the peace" would "add an element not within the plain language of the statute"). Rather, the dispositive question is whether an individual's conduct was "of the nature as to affect the peace and quiet of persons actually present who *may* witness the conduct or hear the language and who *may* be disturbed or provoked . . . ." *Id.* at 197 (emphasis added). In short, to arrest Plaintiff, Officer Lagos was not required to know why people had congregated and whether these people were in fact disturbed.

Here, the undisputed evidence presented in Plaintiff's case-in-chief clearly indicates that Plaintiff's conduct was "of such a nature as to affect the peace and quiet of persons actually

present who may witness the conduct . . . and who may be disturbed." *Dziekonski*, 127 Md. App. at 200–01. Officers arrived at the scene in response to a 911 call made late on a weeknight, which indicates that at least one individual's peace was disturbed. Furthermore, Emil Rothmund's deposition testimony, which was read into evidence, revealed that both he and his wife heard screaming and yelling in front of their townhouse prior to the police arriving. This noise was loud enough to reach Rothmund, who was in the basement watching television, and his wife, who was in a back upstairs bedroom.

Plaintiff concedes that he was "play wrestling" in the parking lot of the complex and that the police arrived because of this conduct. Upon his arrival, Officer Largos observed individuals outside their townhouses with their attention focused on Plaintiff. Additionally, all witnesses concur that people continued emerging from their homes to observe the activity surrounding Plaintiff. Rothmund also testified that when he went outside during Officer Lagos's arrival, a neighbor stated that Plaintiff and Troy Colbert were fighting and the police were called.

In short, probable cause for Plaintiff's disorderly conduct arrest existed when Officer Lagos responded to a police dispatch and witnessed individuals congregated outside their townhouses, observing Plaintiff and Colbert's altercation. In addition, Rothmund's testimony, which is uncontradicted and unimpeached, indicates that at least three people were disturbed by Plaintiff's willful conduct in the parking lot. The Court appropriately held that "the facts and inferences pointed so strongly and overwhelmingly in favor of [Defendants]" that a reasonable jury could only find that Plaintiff disturbed his neighbors when play wrestling with Colbert.

### A.    Probable Cause for Second Degree Assault

Plaintiff also maintains that Officer Lagos lacked probable cause to arrest him for second-degree assault because evidence contradicts Officer Lagos's observation that Plaintiff

was fighting with Colbert. In determining whether probable cause exists, a court applies the established facts to the law, "as viewed from the standpoint of an objectively reasonable police officer." *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

First, Plaintiff argues that he and Colbert were not punching or fighting each other, but instead were play wrestling. In other words, Plaintiff does not dispute that officers were dispatched to the scene due to a physical exchange between him and Colbert. Rather, he disputes the nature of the altercation, claiming that he was not involved in a "real fight." However, Plaintiff's friend, Shawn Jackson, and Colbert both admit that anyone observing the altercation could fairly believe it was a real fight. In fact, Jackson testified that Plaintiff and Colbert were scraped-up and covered in gravel from wrestling and rolling on the ground.

Second, Plaintiff argues that Officer Lagos did not actually see this wrestling from his vantage point. While Officer Lagos testified that he personally saw the fight when he was within 10 to 15 feet of Plaintiff's location, Plaintiff rebutted this testimony by discussing what he thinks Officer Lagos saw upon arriving at the scene. Yet, Officer Lagos's testimony cannot be impeached or contradicted simply based on Plaintiff's opinion as to what Officer Lagos observed. Furthermore, Officer Lagos's testimony is supported by Jackson, who testified that there was no obstruction between the police and the location of the altercation.

In short, Officer Lagos's perception that Plaintiff was involved in a vicious fight with Colbert was reasonable based on the totality of the circumstances as viewed by a reasonably prudent officer. Therefore, there was probable cause to arrest Plaintiff for second-degree assault.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for New Trial. A separate order will follow.

| | |
|---|---|
| December 4, 2012 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |